IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**ANTHONY L. EDICK,**

       **Petitioner,**

**v.**                          **Case No.: 3:20-cv-00509**

**CARL ALDRIDGE, Superintendent,**
**Western Regional Jail and Correctional Facility,**

       **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Petitioner's *pro se* Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 5). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the petition be **DISMISSED**, without prejudice, pursuant to Federal Rule of Civil Procedure 41(b) and L. R. Civ. P. 41.1., and this action be removed from the docket of the Court.

**I.**      **Relevant History**

On July 27, 2020, Petitioner filed a petition for habeas relief pursuant to 28 U.S.C. § 2254. (ECF No. 1). On August 3, 2020, the undersigned entered a Memorandum Opinion and Order, explaining to Petitioner that his petition did not state a cognizable

1

claim under § 2254. Petitioner was ordered to amend his petition. (ECF No. 3). At the same time, Petitioner was instructed to either pay the $5.00 filing fee or submit an Application to Proceed Without Prepayment of Fees and Costs. (*Id.*). Petitioner was provided with all of the proper forms to accomplish these tasks. On August 24, 2020, Petitioner filed an amended petition, using the proper form, (ECF No. 5), and an Application to Proceed Without Prepayment of Fees and Costs. (ECF No. 7). However, the Application was incomplete. Accordingly, on September 10, 2020, the Court ordered Petitioner to file a fully completed and signed Application, or pay the filing fee. (ECF No. 6).

On September 16, 2020, Petitioner submitted a completed Application. (ECF No. 7). After review, the Court denied the Application on September 17, 2020, as it was clear that Petitioner had sufficient funds to pay the $5.00 filing fee. (ECF No. 8). Petitioner was given until October 16, 2020 in which to pay the fee, and was advised that a failure to pay the fee would result in a recommendation of dismissal. (*Id.*). According to the docket sheet, Petitioner received the Order, but did not pay the filing fee as instructed. Moreover, he did not make any contact with the Clerk of Court, or the undersigned, to explain his noncompliance.

Given Petitioner's disregard of the Order's mandate, the undersigned issued an Order to Show Cause on November 19, 2020. (ECF No. 9). Petitioner was given notice that, pursuant to Federal Rule of Civil Procedure 41 and Local Rule of Civil Procedure 41.1, the undersigned would recommend dismissal of his action unless he complied with the prior order instructing him to pay the filing fee and showed good cause for retention of the case on the docket.. Petitioner was given within thirty (30) days from the date of the Show Cause Order to comply. According to the docket sheet, Petitioner received the

Show Cause Order.

More than six weeks have passed since entry of the Show Cause Order, and Petitioner has failed to pay the $5.00 filing fee. In addition, Petitioner has made no contact with the Clerk or the Court to explain his noncompliance with the Order.

## II. Discussion

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). As the United States Supreme Court explained in *Link,* such a sanction is necessary to "prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts" *Id.* at 629-30. Federal Rule of Civil Procedure 41(b) codifies the district court's inherent power, providing that a complaint may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Similarly, under this Court's Local Rule of Civil Procedure 41.1, when it appears that a party has no interest in further prosecution of his civil action:

> [T]he judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action.[1]

The appropriateness of a dismissal that is not voluntarily sought by a party "depends on the particular circumstances of the case." *Ballard v. Carlson,* 882 F.2d. 93, 95 (4th Cir.

---

[1] Fed. R. Civ. P. 41(b) states, in relevant part, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." L. R. Civ. P. 41.1, implemented by the United States District Court for the Southern District of West Virginia, states "When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown."

1989). When assessing whether to impose the sanction of dismissal, the court should consider four factors, including: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams,* 588 F.2d 69, 70 (4th Cir. 1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an expressed warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman,* Case no. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).

Having considered each of these factors in turn, the undersigned concludes that dismissal is warranted. A review of the docket demonstrates that Petitioner received two orders instructing him to pay the $5.00 filing fee. Petitioner was further advised that his failure to fulfill that obligation would likely result in dismissal of his petition. Notwithstanding these orders, Petitioner never paid the filing fee. Petitioner's ability to pay the filing fee is not in doubt, because he has twelve times the necessary funds in his inmate account to make the payment. Furthermore, Petitioner was given more than ample time to comply with the orders, but simply failed to do so. These failures add up to a case history of Petitioner proceeding in a deliberately dilatory fashion. Petitioner's case has been pending on the court's docket for more than five months, and he has been given nearly four months to comply with the Court's directives; yet, Petitioner has not complied. Thus, Petitioner is entirely responsible for the delay in prosecution. As a rule, a delay in prosecution causes some measure of prejudice to the defendant, although in this proceeding, the prejudice is admittedly minimal. However, as Petitioner has wholly disregarded court orders, has made no effort to pursue his petition since September 2020,

and has failed to follow up with the Court in nearly four months, a sanction less severe than dismissal plainly will not be effective. *See Ballard,* 882 F.2d at 95-96.

Although a dismissal is warranted, the undersigned **FINDS** that dismissing the petition with prejudice would be an unnecessarily severe sanction. Fed. R. Civ. P. 41(b) provides that a dismissal for failure to prosecute "operates as an adjudication on the merits" unless the dismissal order states otherwise. Given that the merits of his petition have not been considered, the undersigned concludes that a dismissal, without prejudice, would be most appropriate.

### III.  Proposal and Recommendation

For the stated reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that the petition be **DISMISSED**, without prejudice, and this matter be removed from the docket of the Court.

Petitioner is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the

Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Chambers and Magistrate Judge Eifert.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Petitioner.

**DATED**: January 8, 2021

Cheryl A. Eifert
United States Magistrate Judge